ROBERT DALTON AND MAX ACCESS, INC.  CIVIL ACTION

VERSUS         NO: 09-3001

SAFEWORKS, LLC      SECTION: R

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss (R. Doc. 10) and plaintiffs' motion for partial summary judgment. For the following reasons, both motions are DENIED.

## I. BACKGROUND

This suit concerns the potential enforcement of an employment agreement between defendant Safeworks and co-plaintiff Dalton. Defendant Safeworks, a Washington corporation with its principal place of business in Seattle, designs, manufactures, distributes, and services scaffolding equipment. (R. Doc. 1). Safeworks maintains 21 offices throughout the United States, including in Florida and Louisiana. Safeworks hired Dalton in October 2003 as a District Sales Representative. Dalton's base was in Pennsacola, Florida and his sales territory limited to southern Alabama and northwest Florida. When hired, Dalton signed an employment agreement. (R. Doc. 21, Ex. 2). The

employment agreement contained six provisions, including a non-solicitation/competition provision, a non-disclosure provision, and a choice of law provision specifying Washington state law as governing the agreement. The non-solicitation/competition provision contains no geographic limitation and remains in effect for only six months after Dalton's employment with Safeworks ceases. (R. Doc. 28).

In January 2009, Dalton resigned from Safeworks. Later that month, Dalton began working for co-plaintiff Max Access. Similar to Safeworks, Max Access rents, sells, and services scaffolding and other similar equipment. Max Access's principal place of business is in Houston, Texas, but Max Access also maintains an office in New Orleans, Louisisana. Max Access hired Dalton as a sales representative in its New Orleans office.

In February 2009, counsel for Safeworks sent a letter to Dalton stating that he was in violation of his 2003 employment agreement. Safeworks asked Dalton to refrain from any prohibited activity under the 2003 employment agreement until after July 2009, when the six-month non-solicitation/competition period would effectively end. At the end of the letter, Safeworks's counsel stated that Safeworks would pursue legal action if Dalton continued to use Safeworks's proprietary information or solicit business from Safeworks's customers. Dalton and Max Access responded, one week later, by filing this suit seeking a

declaratory judgment that Louisiana law governs the employment agreement and that the non-solicitation/competition provision in the employment agreement is void as an unlawful restraint of trade. (R. Doc. 1). Plaintiffs also sought injunctive relief prohibiting Safeworks from enforcing the non-solicitation/competition agreement against Dalton, and $500 in damages for breach of contract. (R. Doc. 1).

On May 28, 2009, Safeworks moved the Court to dismiss plaintiffs' complaint and refrain from exercising jurisdiction over the case under the *Brillhart* abstention doctrine. (R. Doc. 10). *See Brillhart v. Excess Ins. Co. Of Am.*, 316 U.S. 491, 495 (1942). In addition, Safeworks filed an action in Florida state court against Dalton and Max Access for breach of contract and misappropriation of trade secrets, among other claims. (R. Doc. 21, Ex. A). The plaintiffs in this case removed the Florida state court action to federal court in Florida. Thereafter, the United States District Court for the Northern District of Florida issued a stay, pending this Court's disposition of Safeworks' motion to dismiss.

Plaintiffs now moves the Court for partial summary judgment that the non-solicitation/competition agreement between Dalton and Safeworks is invalid and unenforceable under Louisiana law. (R. Doc. 28). Safeworks argues that Louisiana law does not govern the employment contract, or alternatively, that discovery

is necessary to uncover facts pertinent to the applicable choice of law analysis.

## II.   LEGAL STANDARD

## A.   Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1940.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true.  *Id.*  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555.  In

other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 256. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007), the claim must be dismissed.

**B.    Summary Judgment**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1996).

## III. DISCUSSION

### A.   Motion to Dismiss

Safeworks argues that the Court should decline to exercise jurisdiction over this suit because the Declaratory Judgment Act "gives the court a choice, not a command, to exercise jurisdiction." (R. Doc. 10)(citing *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983)).  This principle was first announced in *Brillhart v. Excess Ins. Co. Of Am.*, 316 U.S. 491, 495 (1942), in which the Supreme Court noted that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by a federal law, between the same parties."  In

6

deciding whether such a situation exists, a district court looks
to a number of factors that implicate the broad goals of
federalism, fairness, and efficiency. *See Sherwin-Williams Co.
v. Holmes County*, 343 F.3d 383, 390-92 (5th Cir. 2003).
Safeworks argues that these factors all favor abstention.
Plaintiffs, on the other hand, contend that the factors, on
balance, weigh against abstention. (R. Doc. 12).

Contrary to the arguments of both parties, the Fifth Circuit
has held that in actions in which plaintiffs request both
declaratory and coercive relief, the *Colorado River* abstention
doctrine is applicable, not the *Brillhart* abstention doctrine.
*See New England Ins. Co. V. Barnett*, 561 F.3d 392, 394-95 (5th
Cir. 2009); *Colorado River Water Conservation District v. United
States,* 424 U.S. 800 (1976). Like *Brillhart* abstention, *Colorado
River* abstention commonly applies when parallel state and federal
proceedings exist. *See Black Sea Inv., Ltd. v. United Heritage
Corp.*, 204 F.3d 647, 649 (5th Cir. 2000). "Under the *Colorado
River* standard, the district court's discretion to dismiss is
'narrowly circumscribed' and is governed by a broader
'exceptional circumstances' standard." *Barnett,* 561 F.3d at 395.
Exceptions exist to the general rule that *Colorado River* frames
the appropriate abstention analysis in cases in which plaintiffs
seek more than declaratory relief, notably, when a party's
request for injunctive relief is frivolous, or made to circumvent

7

the more rigid *Brillhart* standard.  *See Black Sea Inv.,* 204 F.3d

at 649 (citing *PPG Industries, Inc. v. Continental Oil Co.*, 478

F.2d 674, 679 (5th Cir. 1973)).

In addition to their claim under the Declaratory Judgment

Act, plaintiffs seek injunctive relief prohibiting Safeworks from

enforcing the non-competition agreement against Dalton and

monetary damages for breach of contract based on Safeworks's

failure to pay Dalton a $500 bonus he was allegedly owed.  (R.

Doc. 1).  Because both plaintiffs' injunctive and breach of

contract claims are coercive in nature, *Brillhart* abstention is

not appropriate in this case.  *See Barnett,* 561 F.3d at 396

("Thus, it is well settled in this circuit that a declaratory

action that also seeks coercive relief is analyzed under the

*Colorado River* standard."); *Southwind Aviation, Inc. v. Bergen*

*Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994)(inclusion of

breach of contract claim for monetary damages, attorney's fees,

and injunctive relief "indisputably removes this suit from the

ambit of a declaratory judgment action").  Furthermore, even

though more than six-months has elapsed since Dalton stopped

working at Safeworks, plaintiffs' injunctive claim is not moot.

In the parallel Florida proceeding, Safeworks is seeking to

compel six months of compliance with the non-

solicitation/competition agreement, regardless of whether six

months have elapsed since Dalton's departure from Safeworks.

(Oral Arg. Trans. at 11)("The intent in the Florida litigation is that we are entitled to six months of enforcement of the contract."). As a result, plaintiffs' injunctive claims are still viable. Even if this were not the case, plaintiffs' request for monetary damages supports the conclusion that this suit is not solely a declaratory judgment action and thus does not fit into the limited exceptions articulated by the Fifth Circuit for frivolous claims, or claims made to circumvent the application of the *Brillhart* standard. *See, e.g., Trent v. Nat. City Bank of Ind.*, 145 Fed.Appx. 896, at **2 (5th Cir. 2005)(per curiam)(unpublished)(finding the coercive relief requested frivolous because the court lacked jurisdiction to provide the relief requested); *Essex Ins. Co. v. Bourbon Nite-Life L.L.C.*, 2006 WL 304563, at *3 (E.D.La. 2006)(unpublished)(finding that interpleader claims for coercive relief were not properly part of the action). The Court will therefore apply the *Colorado River* framework to determine whether or not to retain its jurisdiction over this suit.

"Federal courts have a "virtual unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River*, 424 U.S. at 817. But, "in 'extraordinary and narrow' circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding . . . " *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999)(quoting

*Colo. River*, 424 U.S. at 813). The court's decision whether to
abstain should be based on considerations of "[w]ise judicial
administration, giving regard to conservation of judicial
resources and comprehensive disposition of litigation." *Id*.
(quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S.
180, 183 (1952)). For a court to abstain from exercising
jurisdiction under the *Colorado River* doctrine, it first must
find that the federal and state court actions are "parallel."
*Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*,
903 F.2d 352, 360 (5th Cir. 1990). Actions are parallel when the
same parties are litigating the same issues. *See Republicbank
Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir.
1987). If parallel suits exist, then a court must carefully
balance several factors, with the balance heavily weighted in
favor of the exercise of jurisdiction.

As a threshold matter, the Court finds that parallel suits
do exist in this case. The concurrent Florida litigation
includes the same parties and the same issue: Safeworks's ability
to enforce the non-solicitation/competition agreement in Dalton's
employment contract.

At the time plaintiffs filed suit, no parallel proceeding
existed in state or federal court. (R. Doc. 10). Nor did a
parallel action exist at the time Safeworks moved the Court to
dismiss the present case. (R. Doc. 10). In fact, a parallel

10

state court action did not exist until one month later, when Safeworks sued Dalton and Max Access in Florida state court. Subsequently, Dalton and Max Access removed the Florida state court suit to federal court in the Northern District of Florida, where the suit is now pending and stayed. *See Safeworks LLC v. Dalton et al.,* No. 09-0419 (N.D. Fla. 2009). Consequently, a parallel proceeding now exists, but in federal rather than state court.

Generally, a court resolves jurisdictional issues by looking at the circumstances at the time the action was filed. *See Grupo Dataflux v. Atlas Global Group*, *L.P.*, 541 U.S. 567 (2004); *H & D Tire & Auto.-Hardware, Inc*. *v. Pitney Bowes Inc*., 227 F.3d 326, 328 (5th Cir. 2000). Exceptions to this rule do exist, of course, *see, e.g., Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001)(considering the addition of a nondiverse party after removal of a case from state court as appropriate for jurisdictional purposes), and the Fifth Circuit is yet to determine the appropriate time period to which a court must look to determine the propriety of abstaining from suit. Though abstention is, most often, discussed in jurisdictional terms, *see, e.g., Barnett*, 561 F.3d at 395 ("abstain from exercising jurisdiction"), the doctrine does not involve whether there is subject matter jurisdiction but whether the Court should exercise jurisdiction even if there is diversity or federal question

jurisdiction. The discretionary nature of this question alone distinguishes issues of abstention from jurisdictional questions for which the Court must evaluate the facts as presented at the time of filing. Moreover, the *Colorado River* doctrine is unique among abstention doctrines, in that it is not technically an abstention doctrine at all, although, as discussed, it is commonly referred to as one. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 14-15 (1983)("[*Colorado River*] held that the District Court's dismissal was proper on another ground-one resting not on considerations of state-federal comity or on avoidance of constitutional decisions, as does abstention, but on 'considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."'")(quoting *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, (1952))). In turn, both the not-quite-jurisdictional nature of abstention, and the non-jurisdictional concerns underlying *Colorado River* abstention strongly suggest that the Court may consider facts beyond those presented at the time the suit was filed. Because the Court finds that a parallel state proceeding did exist after this suit was filed, and a parallel proceeding, albeit federal, currently does exist, the Court will evaluate whether the requisite exceptional circumstances are present to justify abstention in this case.

12

*Id.*

The Supreme Court has set forth six factors to guide this inquiry: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Murphy*, 168 F.3d at 738 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-86 (1995)). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colo. River*, 424 U.S. at 818-19. The factors are to be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

   *1.   Assumption by Either Court of Jurisdiction Over a Res*

Neither this Court nor the federal court in Florida has assumed jurisdiction over any res or property in this case. The absence of this factor, however, is not neutral. *Murphy*, 168 F.3d at 738. Rather, it weighs against abstention. *Id.*

   *2.   The Relative Inconvenience of the Forums*

Litigating in one proceeding would be more convenient than bringing parties and witnesses to two separate proceedings: one in Louisiana and one in Florida. It is true that the "possibility [of inconvenience] is present whenever there are concurrent federal and state proceedings," *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002), but it is hardly convenient to require witnesses and parties to attend two proceedings in two states regarding the same matter. As there are likely to be witnesses in both states, Dalton is in Louisiana, Safeworks in both Louisiana and Florida, and Max Access in Texas, the Court finds that this factor is neutral.

3. *The Avoidance of Piecemeal Litigation*

"The prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988)(citing *Colo. River*, 424 U.S. at 817). Rather, "[d]uplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Black Sea*, 204 F.3d at 650. The animating concern here is the "danger of inconsistent rulings with respect to a piece of property." *Id.* at 650-51. As there is no res involved in this case, no such danger exists. This litigation was filed first, and this Court is in a position to render a unitary decision in this case. No

14

exceptional circumstances exist to refrain the Court from doing so. *See S.E.L. Maduro (Florida), Inc. v. International Longshoremen's Ass'n, Local 1416,* 765 F.2d 1057, 1060 (11th Cir. 1985)(vacating order and remanding to district court given preclusive effect of concurrent previously filed federal suit in New York)(citing *West Gulf Maritime*, 751 F.2d at 731 (5th Cir. 1985)(articulating first-to-file rule)). Should this court render judgment before the Florida federal court, *res judicata* will ensure proper order. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 499 (5th Cir. 2002). Accordingly, this factor weighs against abstention. *See Black Sea*, 204 F.3d at 651.

   *4.   The Order in Which Jurisdiction Was Obtained by the Concurrent Forums*

   In the context of parallel state and federal proceedings, the Supreme Court has stated that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Here, this suit was filed approximately four months before Safeworks sued plaintiffs in Florida state court. After being removed, the Florida district court stayed Safeworks's suit, and Dalton and Max Access have yet to file an answer. This litigation has clearly progressed farther than that in Florida and therefore this factor

15

weighs against abstention. See *Murphy*, 168 F.3d at 738-39
(finding that when the state and federal suits are proceeding at
approximately the same pace, this factor weighs against
abstention). Moreover, when the parallel proceedings are both in
federal court, the Fifth Circuit follows the common law "first-
to-file" rule, whereby the court in which an action is first
filed has priority. *See Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599, 606 (5th Cir. 1999)(vacating judgment of second-to-
file court and remanding with instructions to transfer)); *West
Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728
(5th Cir. 1985)(same); *see also S.E.L. Maduro (Florida), Inc. v.
International Longshoremen's Ass'n, Local 1416*, 765 F.2d 1057,
1060 (11th Cir. 1985).

    5.    *Whether and to What Extent Federal Law Provides the
        Rules of Decision on the Merits*

This action is governed by either Louisiana, Florida, or
Washington contract law. The absence of a federal issue does
not, alone, weigh in favor of abstention. *Evanston Ins. Co. v.
Jimco, Inc.,* 844 F.2d 1185, 1193 (5th Cir. 1988). The presence
of exclusively state law issues "weighs in favor of surrender
only in rare circumstances." *Id.* As the Supreme Court has
stated, "the task is to ascertain whether there exist
'exceptional' circumstances, the 'clearest of justifications,'
that can suffice under *Colorado River* to justify the surrender of

that jurisdiction." *Moses H. Cone*, 460 U.S. at 26.  Here, the issues of state law are basic contract interpretation questions. Thus, regardless of whether the state law the Court ultimately applies to the case is that of Louisiana, Florida, or Washington, the defendants have made no showing of any exceptional circumstances that call for abstention in this matter. Therefore, this factor is at most neutral.  See *Black Sea*, 204 F.3d at 651.

> 6.  *The Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction*

This final factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1193 (5th Cir. 1988).  Both concurrent suits are now federal actions.  Each suit is governed by state contract law.  As no concurrent state action exists, this factor is neutral.

In sum, three of the *Colorado River* factors clearly weigh against abstention, while the three others are neutral.  No factor supports abstention.  Given that the balancing of the *Colorado River* factors already "is heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone*, 460 U.S. at 16, it is clear that dismissal of this suit is not warranted.

**B.    Partial Summary Judgment**

Federal jurisdiction in this case is premised on diversity

17

of citizenship. (R. Doc. 1). This Court must therefore apply the conflicts of laws rules of the forum state–Louisiana. *Klaxon Co. v. Sentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Louisiana Civil Code Article 3540 articulates the applicable conflicts of law rule and states that "[a]ll other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537." La. Civil Code art. 3540. In this case, Dalton's employment contract contains a choice of law provision that selects Washington state law to govern the contract's provisions. The first-step of the Louisiana conflicts of law inquiry is therefore to determine which state's law "would otherwise be applicable under Article 3537," and determine if the law of that jurisdiction contravenes the "law expressly chosen." Although plaintiffs argue that the otherwise applicable state law is Louisiana, Safeworks argues that it is Florida. (R. Doc. 28 and 30). Louisiana Civil Code Article 3537 provides:

> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of:
>
> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties;

(2) the nature, type, and purpose of the contract; and

(3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civil Code art. 3537.  Article 3537 expressly incorporates the policies articulated in La. Civ. Code Article 3515.  That article requires an evaluation of the overall relationship of each state to the parties and the dispute:

Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.  That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

La. Civ. Code Art. 3515.  The current record is not sufficiently developed to permit this analysis.  Safeworks filed a motion to dismiss in this case on abstention grounds.  It has not answered plaintiffs' complaint, and no discovery has occurred, aside from initial disclosures.  Defendant argues in the alternative that if this Court does not find that Florida law is "otherwise applicable" under Article 3540, denial of plaintiffs' motion is appropriate until the parties have the opportunity to conduct discovery.  Specifically, Safeworks contends that discovery will

show that Dalton is not a Louisiana domiciliary and routinely contacts and visits Safeworks's customers in Florida. The extent of Dalton's contacts with Louisiana, and the extent that Dalton continues to do business in Florida or with Florida customers are relevant to the Court's choice of law analysis. Federal Rule of Civil Procedure 56 "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Court therefore denies plaintiffs' motion for partial summary judgment at this time and allows the parties 60 days to conduct discovery. Defendant shall file a response to plaintiffs' summary judgment motion incorporating the results of discovery by February 1, 2010, and plaintiffs may reply by February 12, 2010. Defendant's motion to dismiss is DENIED.

## IV. Conclusion

For the foregoing reasons, Safeworks's motion to dismiss is DENIED and plaintiffs' motion for partial summary judgment is DENIED at this time. The Court will not abstain from hearing this case and the parties are hereby given 60 days to conduct discovery and submit additional briefing in accordance with the schedule established herein.

New Orleans, Louisiana, this ___20th___ day of November, 2009.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE